IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Josia M. Strong, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-1712-BHH |
| v. ) | |
| ) | **ORDER** |
| Charleston County School District, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Josia M. Strong's ("Plaintiff") complaint against Defendant Charleston County School District ("Defendant"), alleging employment discrimination pursuant to several federal statutes, including 42 U.S.C. § 1981 and the Americans with Disabilities Act, as well as under state law.

On September 7, 2022, Defendant filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of three of Plaintiff's claims, namely, Plaintiff's third cause of action for wrongful termination pursuant to the South Carolina Whistleblower Statute, Plaintiff's fourth cause of action for wrongful termination in violation of public policy, and Plaintiff's seventh cause of action for negligent supervision. Plaintiff filed a response to Defendant's motion, and Defendant filed a reply.

On November 22, 2022, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for partial summary judgment. Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a reply to Plaintiff's

objections. For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and grants Defendant's motion for partial summary judgment.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then

summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As an initial matter, the Magistrate Judge's Report sets forth the relevant factual background, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates by specific reference the background facts set forth in the Report and repeats only what is necessary to evaluate Plaintiff's objections to the Magistrate Judge's Report, as set forth below.

**I.    Wrongful Termination Pursuant to the South Carolina Whistleblower Statute**

In its motion for partial summary judgment, Defendant first seeks summary judgment as to Plaintiff's third cause of action for wrongful termination pursuant to the South Carolina Whistleblower Statute, S.C. Code Ann. § 8-27-10, *et seq*.

After reviewing the record and the applicable law, the Magistrate Judge agreed with Defendant and determined that this claim is barred by the applicable one-year statute of limitations. *See* S.C. Code Ann. § 8-27-30(B). Indeed, the Magistrate Judge noted that Plaintiff acknowledged in her response to Defendant's motion that she did not file her lawsuit within the statute of limitations, and Plaintiff has not objected to this portion of the Magistrate Judge's Report. (*See* ECF Nos. 17 at 2 and 23 at 3.)

After consideration, the Court finds no clear error in the Magistrate Judge's analysis of this claim and agrees that Defendant is entitled to judgment as a matter of law on

Plaintiff's third cause of action.

## II.     Wrongful Termination in Violation of Public Policy

Defendant also seeks summary judgment as to Plaintiff's fourth cause of action for wrongful termination in violation of public policy, wherein Plaintiff alleges that Defendant fired her "because she reported violations of the Health and Wellness Act of 2005, failure to provide safe environment for children, and failing to provide the proper amount of Physical Education for children."  (ECF No. 1-1 at ¶ 102.)

In her Report, the Magistrate Judge considered all of Plaintiff's allegations and the applicable law and explained that, pursuant to South Carolina law, the public policy exception to at-will employment does not apply when "the employee has an existing remedy for a discharge that allegedly violates rights other than the right to employment itself."  (ECF No. 22 at 6 (quoting *Bauer v. Summey*, 568 F. Supp. 3d 573, 602 (D.S.C. 2021), and citing additional cases).)  The Magistrate Judge noted that both the United States Supreme Court and the South Carolina Supreme Court have recognized 42 U.S.C. § 1983 as a viable method for an aggrieved public employee to bring a claim for damages arising out of employment decisions that violate the Constitution.

Here, because Plaintiff has asserted a § 1983 claim as her sixth cause of action in her complaint – a claim that is virtually identical to her fourth cause of action for wrongful termination in violation of public policy – the Magistrate Judge found that the existing remedy under § 1983 barred Plaintiff from also alleging that her discharge violated her constitutional rights under the public policy exception.  *See Bauer*, 568 F. Supp. 3d at 602; *Epps v. Clarendon Cnty.*, 405 S.E.2d 386, 387 (S.C. 1991) (affirming dismissal of wrongful discharge claim where public employee had existing remedy pursuant to 42 U.S.C. § 1983

for violation of his First Amendment rights).

In her objections, Plaintiff asserts that the Magistrate Judge erred in recommending dismissal of her fourth cause of action because the parties have not yet engaged in discovery. Importantly, however, Plaintiff cites no law in support of her objection and makes no attempt to distinguish this case from the applicable cases cited by the Magistrate Judge, such as *Epps*, where the court found that the plaintiff's wrongful discharge claim was preempted because she had an available remedy pursuant to 42 U.S.C. § 1983. Here, where Plaintiff has actually alleged a claim pursuant to § 1983, the Court fully agrees with the Magistrate Judge that Plaintiff has an existing statutory remedy that bars her from alleging that her discharge violated her constitutional rights under the public policy exception to at-will employment in South Carolina. Thus, the Court grants Defendant's motion as to Plaintiff's fourth cause of action.

### III.    Negligent Supervision

Finally, in its motion, Defendant asserts that it is entitled to summary judgment as to Plaintiff's seventh cause of action for negligent supervision because the claim is barred by the doctrine of worker's compensation exclusivity.

After reviewing Plaintiff's allegations and the applicable law, the Magistrate Judge agreed with Defendant and found that Plaintiff's claim for negligent supervision is preempted by the exclusivity provision set forth in the South Carolina Worker's Compensation Act. *See* S.C. Code Ann. § 41-1-540 ("the Act") (providing that the rights and remedies granted by the Act to an employee "shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death"). The Magistrate Judge cited numerous

cases in support of her determination and further explained that Plaintiff failed to show that any of the exceptions to the exclusivity provision apply in this case. (*See* ECF No. 22 at 9-11.)

Plaintiff objects that the Magistrate Judge erred in recommending dismissal of her negligent supervision claim, asserting that the exclusivity provision does not apply because worker's compensation claims are specific to accidents and *not* intentional acts of agents. (ECF No. 23 at 4.) Plaintiff further objects that the acts of Defendant in this case were outside the scope of employment. (*Id.* at 5.)

As an initial matter, the Court notes that Plaintiff again fails to cite any law in support of her objection, and she makes no attempt to distinguish the numerous cases cited by the Magistrate Judge in her Report. Furthermore, as Defendant points out in its reply, by arguing that the actions of Defendant were outside the scope of employment, Plaintiff has only further undermined her claim, as a public employer is immune from suit pursuant to the South Carolina Tort Claims Act if a public entity's employer acted outside the scope of employment. *See* S.C. Code Ann. § 15078-60(17).

Ultimately, after review, the Court finds Plaintiff's objection unavailing, and the Court agrees with the Magistrate Judge that Plaintiff's seventh cause of action for negligent supervision is barred by the exclusivity provision of the Act. *See Brown v. Iqor U.S. Inc.*, No. CA 2:14-2638-PMD-MGB, 2015 WL 1351491, at *4 (D.S.C. Mar. 24, 2015) ("South Carolina courts applying § 42-1-540 have specifically held that an employee's claims against an employer for injury based on negligent supervision are covered by the Workers' Compensation Act."); *Lugo v. Boeing Co.*, No. 2:19-cv-2995-RMG, 2020 WL 495336, at *4 (D.S.C. Jan. 30, 2020) ("Because Plaintiff's negligent supervision claim clearly arises out

of and in the course of his employment with Defendant, and as both federal and state courts in South Carolina have held the Act preempts negligent hiring and supervision claims, Plaintiff's negligent supervision claim is dismissed." (internal quotation marks omitted)); *see also Bradley v. U.S. Foods, Inc.*, No. 4:14-cv-1772-RBH, 2015 WL 5158731, at *26 (D.S.C. Sept. 2, 2015) (noting that "a cause of action for *negligent* retention and supervision is, by definition, not an intentional act") (emphasis in original). Accordingly, the Court grants Defendant's motion as to Plaintiff's seventh cause of action.

## CONCLUSION

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law, and the Court finds no merit to Plaintiff's objections. Therefore, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 22); the Court **overrules** Plaintiff's objections (ECF No. 23); and the Court **grants** Defendant's motion for partial summary judgment (ECF No. 12), thereby dismissing Plaintiff's third cause of action for wrongful termination under the South Carolina Whistleblower statute, Plaintiff's fourth cause of action for wrongful termination in violation of public policy, and Plaintiff's seventh cause of action for negligent supervision. Plaintiff's first, second, fifth, and sixth causes of action remain pending against Defendant.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 16, 2023
Charleston, South Carolina