UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Josie M. Strong, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-01712-BHH-MHC |
| v. ) | |
| ) | **Opinion and Order** |
| Charleston County School District, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  This matter is before the Court upon Plaintiff Josie M. Strong's ("Plaintiff") remaining claims against Defendant Charleston County School District ("Defendant") for discrimination, retaliation, and hostile work environment in violation of the Americans with Disabilities Act ("ADA") (first, second, and fifth causes of action); and retaliation in violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983 (sixth cause of action).[1] On August 28, 2023, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking the dismissal of Plaintiff's remaining claims. (ECF No. 41.) Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply. (ECF Nos. 46, 47.)

  On January 11, 2024, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment and dismiss the case. (ECF

---

[1] By Order dated February 16, 2023, the Court granted Defendant's motion for partial summary judgment and dismissed Plaintiff's third, fourth, and seventh causes of action asserted against Defendant. (ECF No. 26.)

No. 57.) Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 58, 59.) For the reasons set forth below, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

In her objections, Plaintiff asserts that the Magistrate Judge failed to consider the facts in the light most favorable to Plaintiff. After review, however, the Court finds this objection without merit. Not only is Plaintiff's objection entirely conclusory, but also, Plaintiff fails to point to a single question of fact either (1) that the Magistrate Judge overlooked or failed to consider or (2) that creates a genuine issue of material fact as to her claims. In fact, the Report takes account of the very evidence Plaintiff cites to in support of her objections.

For example, Plaintiff asserts that the Magistrate Judge failed to consider Plaintiff's performance and accolades in 2019 and early (January/February) 2020 – "performance itself" that Plaintiff contends "overcomes the Defendant's non-discriminatory articulated reason for her termination." (ECF No. 58 at 5.) Yet, the Magistrate Judge specifically outlined Plaintiff's employment history and performance, including awards she had received dating back to 2012, and the Magistrate Judge specifically noted that "Plaintiff received a number of emails from Principal Smith commending her performance during classes" "[f]or the first part of the [2020] year." (ECF No. 57 at 2.) Moreover, the Magistrate Judge assumed without deciding that a question of material fact exists as to whether Plaintiff was fulfilling Defendant's legitimate expectations at the time of her discharge. (*Id.* at 17.) The Magistrate Judge then correctly concluded that Defendant set forth a legitimate, non-discriminatory reason for Plaintiff's termination, i.e., that Plaintiff was dismissed with cause for failure to follow directives and failure to interact in a professional manner beginning March 2020 through August 2020. Thus, the Court finds that evidence of Plaintiff's professional conduct in 2019 and January/February of 2020 does not raise a

genuine issue of material fact as to whether Defendant's legitimate reason for her termination, which was based on her conduct occurring *after* March of 2020, was a pretext for disability discrimination.

Plaintiff also argues that she "presented a counterpoint" to each "pretext rational[ ] presented by the Defendant," and she points to various emails, letters, and complaints made by her beginning May 14, 2020. (ECF No. 58 at 7-13.) Notably, however, the Magistrate Judge addressed these so-called "counterpoints" in her Report, (*see* ECF No. 57 at 6-10), wherein Plaintiff mostly contests the factual accuracy of the critiques of her performance. After review, the Court finds that the Magistrate Judge accurately summarized the facts and correctly applied the law by finding Plaintiff's self-assessment of her performance irrelevant and by focusing on the perception of the decision-maker. (*Id.* at 17-18 (relying on *Hawkins v. PepsiCo, Inc.*, 203 F.2d 274 (4th Cir. 2000) and *Dejarnette v. Corning, Inc.*, 133 F.3d 293 (4th Cir. 1998)).)

Next, as to her failure to accommodate claim, Plaintiff objects that "there is a genuine issue of material fact if the Defendant engaged into an interactive process." (ECF No. 58 at 15.) However, Plaintiff admitted at her deposition that she told Principal Smith, Assistant Principal Keough, and Nurse Blue that she suffered from anxiety and ADHD, that she was free to take her prescribed medication for these conditions, and that she did not ask for any specific accommodation related to any disability, including anxiety and ADHD. (ECF No. 57 at 19.) Furthermore, as noted by the Magistrate Judge, "the undisputed record evidence shows that CCSD officials offered various accommodations to Plaintiff, including a leave of absence, extensions of deadlines, and reference to the employee assistance program." (*Id.*) Notably, these critical pieces of evidence are not

4

mentioned in Plaintiff's objections. Accordingly, after *de novo* review, the Court finds no error in the Magistrate Judge's review of the evidence of record and fully agrees that Plaintiff failed to put forth any evidence establishing a failure-to-accommodate claim.

Plaintiff next objects to the Magistrate Judge's statement that "it is difficult to determine the 'protected activity' in which Plaintiff claims she engaged" to support her ADA retaliation claim. (ECF No. 57 at 21 (concluding that "Plaintiff has not produced any evidence showing that she reported or complained of any disability discrimination, failure to accommodate, or any other violation of the ADA").) Plaintiff contends that "this is a clear misinterpretation of the facts," and she argues that "[t]he emails specifically set forth that she was treated differently based on her race, and disability." (ECF No. 58 at 16.)

After *de novo* review, the Court agrees with the Magistrate Judge that, while there is evidence in the record that she complained about discrimination or bias, **none** of her complaints pertained to disability and, thus, they are not covered by the ADA. Indeed, a review of the excerpted emails cited by Plaintiff in support of her objection reflects no reference to, or even suggestion that, the treatment she was complaining of was because of any disability. (*See id.* at 16-17.) Plaintiff is seemingly aware of this problematic fact, as her argument concludes with: "Therefore, the documentation clearly shows that she made several **race** complaints in a 3-month period before her termination and that her termination was retaliation for her complaints." (*Id.* at 17 (emphasis added).) Thus, the Court finds no merit to this objection and agrees with the Magistrate Judge that Defendant is entitled to summary judgment on Plaintiff's ADA retaliation claim.

In a similar vein, as to her ADA hostile work environment claim, Plaintiff claims that the Magistrate Judge "errored in the interpretation of the facts of this case." (ECF No. 58

5

at 18.) Yet, Plaintiff does not identify any specific conduct of Defendant that she contends created a hostile work environment based on her disability. (*See id.*) Rather, she notes the absence of any mention of her aggressive or combative nature in statements from co-workers and character witnesses around the same time in which Defendant claims she was acting unprofessionally. (*Id.*) She then states that she first complained about "the work environment, safety concerns and racism" in March 2020. (*Id.*) Once again, Plaintiff fails to point to any evidence in the record supporting that the treatment she was complaining of was because of any disability. After *de novo* review, the Court agrees with the Magistrate Judge that the record is devoid of any evidence of alleged harassment related to disability, let alone severe or pervasive harassing conduct by Defendant based on disability to support Plaintiff's ADA hostile work environment claim.

Lastly, as to her Section 1983 cause of action for violation of her First Amendment right of free speech, Plaintiff contends that the Magistrate Judge "failed to consider the retaliatory conduct could chill First Amendment activity of others." (*Id.* at 19.) Plaintiff also contends that the Magistrate Judge:

> failed to recognize that the Plaintiff's public concern has any causal nexus to Mrs. Strong's wrongful Termination. However, this analysis fails as the time frame is present. The Defendant and the court contend that 2019 or 2020 [sic]. As late as April 29, 2020, she was still complaining of the issue.

(*Id.*) The Court finds these objections unavailing.

To establish a claim under the First Amendment for retaliatory discharge, a public employee must prove (1) that she spoke as a citizen upon a matter of public concern and not as an employee about a matter of personal interest; (2) that her interest in speaking upon the matter of public concern outweighed the government's interest in providing

effective and efficient services to the public; and (3) that her speech was a substantial factor in the employer's decision to terminate her. *McVey v. Stacy*, 157 F.3d 271, 277–78 (4th Cir. 1998) (the "*McVey* test"). "If the plaintiff fails to establish any of these elements, h[er] claim fails." *Brown v. Dir. SCDC*, No. 8:08-3761-HFF-BHH, 2010 WL 3167332, at *9 (D.S.C. May 28, 2010), *R&R adopted*, No. 8:08-3761-HFF-BHH, 2010 WL 3167331 (D.S.C. Aug. 5, 2010) "The order of inquiry may vary with the circumstances of the case." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 352 (citation omitted).

In her Report, the Magistrate Judge found that Plaintiff's primary failing on this claim is as to prong three – causation. The Court finds no error in the Magistrate Judge's failure to "consider the retaliatory conduct could chill First Amendment activity of others." *See Constantine*, 411 F.3d at 500 (holding that "for purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter "a person of ordinary firmness" from the exercise of First Amendment rights"). Because the Magistrate Judge found Defendant entitled to summary judgment due to Plaintiff's failure to meet the causation requirement, no further analysis was required. *Cf. Clark v. Coleman*, 335 F. Supp. 3d 818, 825 (W.D. Va. 2018) (finding the plaintiff failed to show defendant took some action sufficient to "chill a reasonable person's exercise of First Amendment rights" and, therefore, concluding, without examining prong three, that the defendant is entitled to summary judgment).

After *de novo* review, the Court agrees with the Magistrate Judge that there is no genuine dispute of material fact as to whether Defendant terminated Plaintiff because of Plaintiff's protected speech. Even viewing the evidence in the light most favorable to

Plaintiff, and drawing every reasonable inference in her favor, the Court cannot identify any evidence in the record that could reasonably support a jury verdict in her favor on the causation prong of her First Amendment claim. As the Fourth Circuit stated in *Huang v. Bd. of Governors of Univ. of N.C.*, "[t]he causation requirement is rigorous; it is not enough that the protected expression played a role or was a motivating factor in the retaliation; claimant must show that 'but for' the protected expression the [government official] would not have taken the alleged retaliatory action." 902 F. 2d 1134, 1140 (4th Cir. 1990).

Here, Plaintiff has not put forth any direct evidence that Defendant considered the content of her speech – i.e., concerns that students are not receiving P.E. – in making the decision to terminate her employment. Further, while a court may infer causation based on the alleged facts or temporal proximity between the protected speech and the adverse action at the motion to dismiss stage,[2] Plaintiff cannot advance to trial on her First Amendment retaliation claim without any evidence in the record that Defendant retaliated against her because of her protected speech. *See Jensen v. W. Carolina Univ.*, No. 2:11CV33, 2012 WL 6728360, at *21 (W.D.N.C. Dec. 28, 2012) (holding that plaintiff "may not rely solely on the fact that the adverse action happened to follow his . . . reports of alleged harassment. Rather, [plaintiff] must show that but for those reports, he would . . . not have been removed from campus") *aff'd*, 538 F. App'x 359 (4th Cir. 2013); *Bhattacharya v. Murray*, No. 3:19-CV-54, 2022 WL 3579901, at *10 (W.D. Va. Aug. 19, 2022) (finding that the plaintiff "has not unearthed even a scintilla of evidence that would demonstrate that Defendants took any adverse action against him because of his

---

[2] *See, e.g., Tobey v. Jones*, 706 F. 3d 379, 390-91 (4th Cir. 2013) ("Viewing all facts as alleged by Mr. Tobey as true, which is the posture we must take when reviewing a 12(b)(6) motion, we can infer causation based on the facts . . . . Again, it may turn out after further discovery that Mr. Tobey cannot meet this "rigorous" requirement, but without further discovery, we are unable and unwilling to speculate as to the outcome.").

8

protected speech" and holding that "[w]ithout more, the Court must grant Defendants' summary judgment motion"), *aff'd,* No. 22-1999, 2024 WL 762038 (4th Cir. Feb. 26, 2024). Thus, the Court finds no merit to Plaintiff's objection based on temporal proximity.

Ultimately, after careful consideration, the Court finds that the record is replete with evidence that Defendant terminated Plaintiff based upon her conduct beginning March 2020, which, in Defendant's view, was unprofessional and compromised Defendant's trust in Plaintiff's ability to carry out her teaching duties. Further, Defendant reached its termination decision after receiving a recommendation from employee relations to terminate; after meeting with Plaintiff and placing Plaintiff on paid administrative leave to obtain a fit for duty certification and to submit a "To Whom It May Concern" letter to a health care professional; after learning from Plaintiff's health care professional, Dr. Jesup, that Plaintiff had failed to submit the letter; and after receiving Dr. Jessup's rescission of her initial recommendation that Plaintiff be allowed back to work. On the other hand, the evidence that Defendant terminated Plaintiff in September of 2020 because she expressed a concern about students not receiving P.E. in March and April of 2020 is nil. Accordingly, the Court finds no error in the Magistrate Judge's finding that Defendant is entitled to summary judgment on Plaintiff's First Amendment claim, as no reasonable factfinder could agree with Plaintiff's theory of the case.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court **overrules** Plaintiff's objections (ECF No. 58) and **adopts** the Report (ECF No. 57). Accordingly, the Court grants Defendant Charleston County School District's motion for summary judgment (ECF No. 41), thereby dismissing Plaintiff's remaining four causes of action, and this matter is ended.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

March 4, 2024
Charleston, South Carolina